Emanuel Ruden
vs.
Frank S. Comstock, } Law No. 93872.
d. b. a. Comstock & Co.

March 20, 1935.

CURRAN, J.   After verdict for defendant, heard on plaintiff's motion for a new trial based upon the usual grounds.

The case arises out of a collision which occurred at about 11 o'clock A. M. between a motor car operated by the plaintiff and the defendant's motor truck, operated by his servant, on February 28, 1933, in Providence, on Canal Street near its intersection with Steeple Street.

The declaration contains four counts, respectively charging excessive speed, failure to keep a lookout, failure to keep the truck under control and to reduce its speed, and failure to give timely warning.

The defendant's truck was traveling westerly on Steeple Street and turning, or about to turn into Canal Street. The plaintiff, accompanied by his brother Morris, was travelling northerly on Canal Street and approaching Steeple Street as the defendant's truck came out of Steeple Street.

Plaintiff testified that the truck was travelling at an estimated speed of 35 or 40 miles per hour and that it turned to its left, where it collided with the plaintiff's car, which he claimed was stopped on its right hand side of Canal Street at the moment of the impact. The plaintiff's brother Morris testified that the truck came out of Canal Street with terrific speed, turned to its left and collided with the plaintiff's car almost head on. Morris also claimed that he talked with the driver of the truck about two minutes after the collision and that the driver said: "It is my fault. The brakes did not work and I could not stop."

The driver of the truck denied making the statement just quoted; he also denied that he was going at the rate of 35 or 40 miles an hour; and he asserted that, as a matter of fact, the speed of his truck was limited to 16 miles per hour in high gear on level ground. He further testified that he was in second gear as he approached Canal Street, then shifted to low gear, looked to his left and the way was clear for him to pass, and that he was going at a speed of about 5 miles per hour. He further testified that he was more than half way across the intersection when he again looked to his left and saw the plaintiff's car coming at a high rate of speed from that direction, and that the plaintiff's car ran into his truck just forward of the left rear wheel.

It will be seen that the principals were in direct conflict on the facts upon which both due care and contributory negligence depend. The defence was supported, however, in almost every detail by the testimony of Thomas Reilly, a bystander who saw the collision. While this witness had a rough exterior and was acquainted with the operator of the truck, the Court was impressed by his evident sincerity and his ability to observe and state the facts that passed under his eyes.

Modest station in life and rough exterior are quite as consistent with honesty as high station and polished exterior. We are convinced that Mr. Reilly spoke the truth. The jury also apparently believed him. We think the verdict was just.

Motion for new trial denied.

For plaintiff: Peter W. McKiernan, Ernest L. Shein.

For defendant: Sherwood & Clifford, Raymond Jordan.